```
                   UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

COLONY INSURANCE COMPANY                                    PLAINTIFF

VS.                                 CIVIL ACTION NO. 3:13CV284TSL-JMR

AMBLING MANAGEMENT COMPANY, LLC,
ELTON PARK, LLC; STEPHALENA TAYLOR;
TIFFANY BROWN, INDIVIDUALLY;
NICHLOUS BROWN, BY AND THROUGH HIS
MOTHER AND NEXT FRIEND TIFFANY BROWN;
AND TANEISHA BROWN, BY AND THROUGH HER
MOTHER AND NEXT FRIEND TIFFANY BROWN                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendants Ambling Management Company, LLC, Elton Park, LLC and Stepelana Taylor have filed in this cause a Motion to Dismiss on Grounds of Insufficient Process, Insufficient Service of Process, Lack of Declaratory Authority and Abstention. Plaintiff Colony Insurance Company (Colony) has responded in opposition to the motion. The court, having considered the memoranda of authorities submitted by the parties, concludes the motion should be granted.

Colony filed the present action seeking a declaratory judgment that a policy of liability insurance issued to Ambling Management Company, LLC (Ambling), provides no coverage for claims in a state court lawsuit brought against Ambling by Tiffany Brown. In its motion to dismiss, Ambling first seeks dismissal on the grounds of insufficiency of process and service of process

pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure, contending that the summons and complaint incorrectly identified Ambling Property Investments, LLC, as the defendant rather than Ambling Management Company, LLC, so that dismissal was in order for insufficiency of process, and arguing, further, that Colony's attempted service on Ambling via certified mail was not an appropriate method/manner of service under Federal Rule of Civil Procedure 4 and hence was ineffective.  Colony responded to plaintiff's objection to the sufficiency of process by filing an amended complaint correctly naming Ambling Management Company as the defendant.  Colony further advised that it is in the process of attempting to serve the amended complaint on Ambling and points out that Ambling's request for dismissal at this time is premature, given that Rule 4 gives Colony 120 days to effect service of process.  See Omobude v. Miss. Dept. of Finance and Admin., Civil Action No. 3:10CV703TSL-FKB, 2011 WL 346522, 1 (S.D. Miss. Jan. 31, 2011) (stating that "pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff has 120 days from the date the complaint is filed to effect service, and 'until that 120-day period has expired, any attempt to seek dismissal on the grounds of defective service clearly [is] premature.'") (quoting McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993)).[1]  Colony is correct

---

[1]  Ambling filed its motion to dismiss just 28 days after Colony's original complaint was filed.

2

and therefore, the motion to dismiss on grounds of insufficiency of process and/or service of process is not well taken.

In its motion, Ambling alternatively contends that Colony's complaint is due to be dismissed because this court lacks authority to grant the declaratory relief sought by Colony, or that even if the court has the authority to grant relief, it should abstain from exercising such authority in deference to the underlying state court action.

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration". 28 U.S.C. § 2201(a). Unlike other kinds of cases, over which the district courts have a "virtually unflagging obligation" to exercise their jurisdiction notwithstanding that there is a pending state court action involving the very same issues, see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), the Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). See also id. at 288 (stating that "[i]n the declaratory judgment context, the normal principle

that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration"). In Brillhart v. Excess Insurance Company of America, the Supreme Court recognized district courts' discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and presenting the same issues is pending in state court, holding that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same parties." 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

The ultimate issue in deciding how the court should exercise its discretion is "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in state court." Brillhart, 316 U.S. at 495. As articulated by the Fifth Circuit, this decision involves three inquiries: "(1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994)." AXA RE Property & Casualty Ins. Co. v. Day, 162 Fed. Appx. 316, at 2 (Jan. 11, 2006) (citing Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000)).

Ambling makes no contention that this declaratory action is not justiciable.  However, it submits that the court lacks authority to grant the relief requested and that, even if it has such authority, the court should nevertheless exercise its discretion to abstain from hearing the case.

The Fifth Circuit has held that district courts do not have authority to consider the merits of a declaratory judgment complaint when "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act." Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993) (citing Texas Employers' Ins. Ass'n v. Jackson, 862 F.2d 491, 506 (5th Cir. 1988)).  "[A]ll three conditions must exist before a federal court is stripped of the authority to consider the merits of a request for declaratory relief...." Cherokee Ins. Co. v. Babin ex rel. Rogers, No. 3:06cv00612-DPJ-JCS, 2007 WL 2381928, 2 (S.D. Miss. Aug. 17, 2007).

The first condition is that "*[a]t the time suit was filed*, the declaratory defendant must have filed a state case involving the same issues as those involved in the federal case." Id. (emphasis in original).  See also Fireman's Fund Ins. Co. v.

5

Hlavinka Equip. Co., No. Civ. A. H-052515, 2005 WL 2792383 at *2 (S.D. Tex. Oct. 26, 2005) ("The most straight-forward interpretation of the phrase ['previously filed'] requires that the state court action be commenced before the federal declaratory judgment action."). Although Ambling contends otherwise, the record shows that at the time Colony's complaint was filed in this cause, there was no pending cause of action against Colony in the underlying action. In this regard, the record reflects the following progression of events that culminated in the filing of a complaint against Colony, but only after Colony had filed its complaint herein.

On August 5, 2011, Tiffany Brown, individually and as mother and next friend of Nichlous Brown and Taneishia Brown, former residents of the Elton Park Apartments in Jackson, Mississippi, filed a negligence action in the Circuit Court of Hinds County, Mississippi against the owner of the complex, Elton Park, LLC, against complex manager Stephalena Taylor, and against management companies Park Management, LLC,[2] and Ambling Management Company, LLC, seeking to recover damages for injuries allegedly suffered when eight unknown assailants broke into their apartment and physically assaulted, battered and robbed them at gunpoint. At the time of the incident, Ambling was insured under a commercial

---

[2] Park Management Company, LLC was originally named as a defendant herein but has since been voluntarily dismissed.

6

general liability policy issued by Colony.  After receiving notice of the Browns' lawsuit, Colony sent Ambling a reservation of rights letter on June 6, 2012, advising it was denying coverage on the basis that the injuries for which the Browns sought recovery consisted solely of emotional distress which did not fall within the policy definition of a covered "bodily injury," and on the further basis that notice of the claim had not been timely provided in accordance with the policy's notice provision.

On January 11, 2013, Colony filed a motion to intervene in the underlying Brown lawsuit for the limited purpose of submitting special interrogatories (or a special verdict form) requesting the jury to apportion any verdict attributable to the Browns' claims between emotional distress damages and physical damages, since Colony took the position that emotional distress damages did not constitute "bodily injury" as defined by the policy.  Over the objection of all the parties to the underlying action (who maintained that Colony's coverage position was incorrect), the circuit court granted Colony's motion by order dated April 16, 2013, finding that "Colony, as the insurer of the defendants, defending under a reservation of rights, would have a right to intervene under Rule 24 to submit a special interrogatory to the jury separating emotional distress damages from physical...." Brown v. Elton Park, LLC, et al., Civ. Action No. 251-11-702, slip op. at 1 (Cir. Ct. Hinds Cty. Apr. 16, 2013) (citing Guaranty

7

Nat'l Ins. Co. v. Pittman, 501 So. 2d 377 (Miss. 1987)). Addressing the parties' objection that Colony's request to intervene should be denied as its coverage position was legally flawed, the court acknowledged and apparently accepted Colony's argument that the merits of the underlying coverage issue were not to be considered by the court, stating, "whether the putative intervenor is likely to prevail on the merits is not a part of the calculus in which the trial court should engage in considering such an application." Id. (quoting Pittman, 501 So. 2d 377).

In response to the circuit court's ruling, on April 22, 2013, the Browns filed in the underlying action a motion for declaratory relief, requesting the state court to "review the facts and coverage as set forth and find that on the date of the incident the Plaintiffs were covered under Colony's insurance policy." The remaining parties formally joined in the Browns' motion for declaratory relief. Colony filed a response in opposition on May 2, 2013, arguing the motion was improper, as no party had filed a complaint, issued process and perfected service on Colony as required by Mississippi Rule of Civil Procedure 57(a). The motion was set for hearing June 27, 2013.

In the meantime, on May 10, 2013, while the motion for declaratory relief was pending in state court, Colony filed the present action against all the parties in the underlying action seeking a declaratory judgment that its policy affords no coverage

8

for the Browns' claims. At the conclusion of the June 27, 2013 hearing in state court on the motion for declaratory relief, the circuit court issued an order allowing the Browns to amend the title of their "Motion for Declaratory Relief" to change the word "Motion" to "Complaint."

It is clear from the foregoing that at the time this suit was filed, the declaratory defendants herein had no pending cause of action against Colony in state court. The parties had filed a *motion* for declaratory relief against Colony, but at that time, Colony had not been made a party to the state court action for all purposes; rather, it had only been granted leave to intervene for the limited purpose of requesting a special interrogatory. The fact that the circuit court subsequently permitted the parties to change the title of their motion for declaratory relief from "motion" to "complaint" does not change the fact that no complaint had been filed against Colony when it filed its complaint for declaratory relief in this court. Since no cause of action was pending against Colony in state court at the time its federal complaint for declaratory relief was filed, the court does not *lack authority* to consider Colony's declaratory judgment compliant. Cf. Babin, 2007 WL 2381928, at 2 (observing that "[a]lthough Defendants eventually filed complaints for declaratory relief in state court, at the time this suit was filed, Cherokee

was not named in any state court action, and there was no state court action for declaratory relief").

The question becomes whether the court should exercise its discretion to decide the case or whether the court should instead abstain. This determination is made based on consideration of the Trejo factors, which are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, ... 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy ... and [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Trejo, 39 F.3d at 590-91. See AXA, 162 Fed. Appx. 316, 320, 2006 WL 133532, 3 (quoting Trejo). These factors are designed to address three fundamental considerations: (1) proper allocation of decision-making between state and federal courts, (2) fairness, and (3) efficiency. Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 390 (5th Cir. 2003).

The first Trejo factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, concerns both efficiency and comity. Regarding this factor, the Fifth Circuit has held that "[i]f [a] federal

10

declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." Sherwin-Williams, 343 F.3d at 391. The declaratory defendants herein have recently filed a complaint against Colony which is currently pending in the underlying state court action and seeks a determination of Colony's obligations under the policy, distinctly state law issues. Accordingly, the first factor weighs in favor of abstention.

The second, third and fourth Trejo factors – whether the declaratory plaintiff filed suit in anticipation of a lawsuit by the defendant; whether the plaintiff engaged in forum shopping in bringing the suit; and whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums – are focused on fairness, and specifically on whether the federal declaratory judgment action is an "improper and abusive" litigation practice that seeks to "us[e] the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." Id. The court in Sherwin-Williams stressed that "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping'". Sherwin-

11

Williams, 343 F.3d at 391.  Indeed, "[d]eclaratory judgments are often 'anticipatory,' appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation.  More than one venue may be proper, requiring the plaintiff to select a forum."  Id. at 391-92.  And "[d]eclaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed."  Id. at 398.  Fairness concerns are implicated only where the federal declaratory judgment action constitutes impermissible "procedural fencing" or forum manipulation, such as when the declaratory judgment plaintiff engages in a race to *res judicata* by bringing the declaratory judgment action before the declaratory defendant is legally able to bring a state action, or when the selection of the federal forum would result in a change in the applicable substantive law.  Id. at 399.

While the declaratory defendants herein had not filed a *complaint* for declaratory judgment in their circuit court action at the time Colony brought this action, they had filed their motion for declaratory relief, attempting thereby to present the insurance coverage issue to the state court for resolution.  Colony filed the present action within a mere three weeks of the declaratory defendants' herein filing their motion for declaratory relief.  It appears that Colony did not file this action in

12

*anticipation* of a lawsuit by the declaratory defendants but rather in *response* to the declaratory defendants' attempt to assert a claim against Colony in the state forum.  Colony may have expected that such effort would fail, and that the circuit court would reject the parties' attempt to seek relief against Colony by way of a motion rather than a complaint, and that it would also deny any effort by the parties to file a complaint against Colony, particularly since the deadline for amendments to pleadings had passed.  Rather than await the outcome of the motion, however, Colony – which by that time had allowed more than ten months to elapse since initially denying coverage – rushed to file the present action.  Moreover, Ambling asserts that while Colony *filed* its response opposing the Browns' motion for declaratory relief as procedurally improper on May 2, 2013, Colony did not serve that response on the parties until after it had filed (and attempted service of) its own complaint for declaratory relief in this court.  In the court's opinion, under the circumstances, Trejo factors two through four weigh in favor of abstention.

"The next two Trejo factors–whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy–primarily address efficiency considerations."  Id. at 391.  Given that the underlying state court action is pending in the same district in

which the federal courthouse is located, the state and federal forums are of relatively equal convenience.

On the issue of judicial economy, the Fifth Circuit has held that "[a] federal district court should avoid duplicative or piecemeal litigation where possible. ... Duplicative litigation may ... raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." Sherwin-Williams, 343 F.3d at 391. Were this court to retain jurisdiction over this lawsuit, the coverage issues that Colony asks this court to decide would be simultaneously litigated by the state and federal courts. This would not serve judicial economy.

As Judge Bramlette observed in Allstate Ins. Co. v. Yates,

> "District courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law." Travelers Indem. Co. v. Philips Elecs. N. Am. Corp., 2004 WL 193564 *2 (S.D.N.Y. Feb. 3, 2004). In Westfield Ins. Corp. v. Mainstream Capital Corp., 366 F. Supp. 2d 519, 521 (E.D. Mich. 2005), the court stated:
> > Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no per se rule prohibiting such actions in federal court ... "[s]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem."
> Id. at 521 (quoting Bituminous Cas. Corp. v. J & L Lumber Co ., Inc., 373 F.3d 807, 812 (6th Cir. 2004)(additional citation omitted)).

14

Civil Action No. 5:10-cv-190(DCB)(JMR), 2011 WL 2414706, S.D. Miss. June 11, 2011).  Consideration of the Trejo factors leads this court to the same result.  The factors are either neutral or weigh in favor of abstention.  The court thus concludes that the motion to dismiss should be granted.

Accordingly, it is ordered that the motion of Ambling, Elton Park and Taylor to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 9th day of July, 2013.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE